UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
(MIDLAND/ODESSA DIVISION)

| | | |
|---|---|---|
| EMILIO GUDINO,<br>     Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 7:21-cv-00127 |
| DEWAYNE SHANNON NEWELL AND<br>BIG D TRUCKING, INC.<br>     Defendant. | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendants Dewayne Shannon Newell and Big D Trucking, Inc. hereby remove Case No. 7703 from the 118th Judicial District Court of Martin County, Texas, pursuant to 28 U.S.C §§ 1332, 1441 and 1446, and as grounds for its removal state as follows:

## STATEMENT OF THE CASE

1.      On June 25, 2021, Plaintiff filed an Original Petition styled Cause No. 7703; *Emilio Gudino v. Dewayne Shannon Newell and Big D Trucking, Inc.* - In the 118th Judicial District Court of Martin County, Texas (the "State Court Action"). A copy of the Original Petition is attached as Exhibit "A" hereto.

2.      Defendants were each served with the summons and Plaintiff's Original Petition on or about July 6, 2021.

3.      The Complaint purports to assert a personal injury cause of action against the Defendants based upon a motor vehicle accident alleged to have occurred on or about July 18, 2019, in Martin County, Texas.  The Plaintiff alleges that the Defendants were negligent and that their negligence was a proximate cause of the alleged injuries.

4.     The relief Plaintiff seeks is monetary damages over $250,000.00 but not more than $1,000,000.00.

## DIVERSITY JURISDICTION UNDER 28 U.S.C § 1332(a)

5.     This Court has jurisdiction over this matter under 28 U.S.C § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendants, and more than $75,000, exclusive of interest and costs, is at stake.

6.     Plaintiff alleges that he is a resident of the State of Texas and that his primary residence is in Texas.

7.     Defendant Big D Trucking, Inc. is an Alabama Corporation with its principal office and place of business in Haleyville, Alabama. Therefore, there is complete diversity between Plaintiff and Defendant Big D Trucking, Inc. in this action.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

9.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon Defendants are being filed with this Notice of Removal.

10.     This Notice of Removal has been filed within 30 days of the date that Defendants were served with summons or the Complaint in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

11.     Venue is proper in this Court pursuant to 28 U.S.C. § § 1441(a) and 1446(a) because the U.S. District Court for the Western District of Texas is the federal judicial district embracing the Texas District Court of Martin County where the State Court Action was originally filed.

## CONCLUSION

By this notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

Respectfully submitted,

**McKINNEY & TIGHE L.L.P.**
24 Smith Road
Suite 505, Tgaar Tower
Midland, TX  79705
mbmckinney@mckinneytighe.com
(432) 684-0000
(432) 684-0026 Fax

By:_____
       MICHAEL B. McKINNEY
       SBN:  13722000

**ATTORNEYS FOR DEFENDANTS**
**DWAYNE SHANNON NEWELL and**
**BIG D TRUCKING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been transmitted via electronically this ___16th___ day of ___July___, 2021, to all counsel of record.

### COUNSEL FOR PLAINTIFF:
mbe@elyreed.com
Michael Ely
Ely & Reed, PLLC
3410 Far West Blvd
Suite 170
Austin, Texas 78731

shanna@thevalentinelawfirm.com
Shanna Valentine
The Valentine Law Firm
921 W. New Hope Dr., Suite 104
Cedar Park, Texas 78613

_____
Michael B. McKinney

# EXHIBIT "A"

CAUSE NO. 7700

| | | |
|---|---|---|
| EMILIO GUDINO, | § | IN THE ____ JUDICIAL |
| Plaintiff, | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| DEWAYNE SHANNON NEWELL and | § | |
| BIG D TRUCKING, INC., | § | MARTIN COUNTY, TEXAS |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Emilio Gudino, Plaintiff, and makes and files this the Original Petition and complains of Dewayne Shannon Newell and Big D Trucking, Inc., Defendants, and for cause of action shows:

### DISCOVERY CONTROL PLAN

1. Discovery should be under Level 2 of TEX. R. CIV. P. 190.

### PARTIES AND SERVICE

2. The Plaintiff is a private individual who resides in Williamson County, Texas, and may be served with process through the undersigned counsel.

3. Defendant **Dewayne Shannon Newell** ("Driver") is a private individual residing in Martin County and may be served with process at 1139 Highway 81, Phil Campbell, Alabama 35581. *Citation is requested at this time.*

4. Defendant **Big D Trucking, Inc.**, ("Employer") is a foreign corporation organized under the laws of Alabama. It may be served through its registered agent, Dennis Oliver, at 1690 Highway 243, Haleyville, Alabama 35565. *Citation is requested at this time.*

### JURISDICTION AND VENUE

5. This Court has jurisdiction and venue is proper in Martin County, Texas, in that the incident made the basis of this suit that occurred in Martin County, Texas, and the damages are within

Plaintiff's Original Petition

the jurisdictional limits of the Court.

## FACTS

6.  This lawsuit arises out of an automobile accident that occurred on July 18, 2019.

7.  On the day of the accident, Plaintiff was the driver of a commercial vehicle towing a trailer on eastbound IH20 about .4 miles east of mile marker 162.

8.  At the same time, Defendant Driver was the driver of a commercial truck and trailer immediately behind Plaintiff.

9.  Without excuse, Defendant Driver negligently and carelessly failed to control his vehicles speed and collided with the rear of Plaintiff's vehicle.

10. That collision caused Plaintiff to rear end a third commercial tractor truck and trailer in front of him.

11. As a result of the collision, Plaintiff suffered physical injuries and pain for which medical treatment was sought.

12. Upon information and belief, at all times relevant hereto, Defendant Driver was employed by Defendant Employer and was operating in the course and scope of his employment.

## COUNT I: NEGLIGENCE AS TO DEFENDANT DRIVER

13. The collision and Plaintiff's injuries suffered by reason thereof were proximately caused by Defendant Driver's negligent, careless and reckless disregard of duty which consisted of, but is not limited to the following acts and omissions:

    a.  That Defendant Driver failed to keep a proper lookout for the Plaintiff's safety that would have been maintained by a person under the same or similar circumstances;

    b.  That Defendant Driver failed to apply the brakes in a timely and prudent manner and/or wholly failed to apply the brakes;

c. That Defendant Driver was driving at a rate of speed which was greater than that which an ordinarily prudent driver would have driven under the same or similar circumstances;

d. That Defendant Driver failed to turn the vehicle to the left or right in an attempt to avoid the collision;

e. That Defendant Driver failed to yield the right of way to Plaintiff;

f. That Defendant Driver failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done; and,

g. That Defendant Driver failed to keep the vehicle under control.

14. Each of the aforementioned negligent acts or omissions by Defendant Driver constituted a proximate cause of the collision and of the resulting damages and injuries to Plaintiff and Plaintiff's property.

## COUNT II: VICARIOUS LIABILITY AS TO DEFENDANT EMPLOYER

15. Defendant Employer is vicariously liable for the damages proximately caused to Plaintiffs by virtue of the negligent conduct of its driver/employee/agent, Defendant Driver.

16. At the time of the collision, Defendant Driver was an employee and/or agent of Defendant Employer. Further, Defendant Driver was acting within the course and scope of his employment and/or agency relationship on behalf of Defendant Employer at the time of the subject incident. That is, Defendant Driver was acting in furtherance of the business of his employer and/or master.

17. Therefore, Defendant Employer is vicariously liable to Plaintiffs for the negligent acts and/or omissions of its employee/agent, Defendant Driver, on the basis of *respondeat superior* and/or agency law.

## DAMAGES

18. As a further and direct proximate result of the Defendant's actions as described above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court, for which Plaintiff sets out the following damages:

   a. Reasonable medical expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein, and such charges are reasonable and were usual and customary charges for such services in the counties in which they were performed;

   b. Reasonable and necessary medical expenses which will in all reasonable probability to be incurred in the future;

   c. Physical pain and/or mental anguish in the past;

   d. Physical pain and/or mental anguish in the future;

   e. Loss of earnings in the past;

   f. Property damage.

19. Pursuant to Texas R. Civ. P. 47, Plaintiff's damages include monetary relief over $250,000 but not more than $1,000,000. Plaintiff's counsel offers this statement for informational purposes only as required by TEX. R. CIV. P. 47 and reserves the right to change or amend it as the evidence deems necessary. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

## TEX. R. CIV. P. 193.7 NOTICE

20. Pursuant to TEX. R. CIV. P. 193.7, Plaintiff hereby gives notice of intent to utilize items produced in discovery against the producing party.

## DISCLOSURE RESPONSES

21. Pursuant to TEX. R. CIV. P. 194, Defendant is required to respond to the materials listed in TEX. R. CIV. P. 194.2 within 30 days of the Answer.

## JURY TRIAL

22. Plaintiff demands a trial by jury and tenders the appropriate fee with this petition.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer the above cause and that upon a trial of the case, Plaintiff have judgment, jointly and severally against the Defendant, for the following:

1. Judgment for damages against the Defendant in an amount in excess of the minimal jurisdictional limits of the Court;

2. General damages;

3. Post Judgment interest;

4. Prejudgment interest as provided by law;

5. Costs of Court;

6. Attorney's fees; and

7. Such other and further relief, at law or in equity to which Plaintiff is justly entitled.

Respectfully submitted,

Michael Ely
State Bar Number: 24091061
Correspondence: mbe@elyreed.com
Service: Eservice@elyreed.com

Ely & Reed, PLLC
3410 Far West Blvd
Suite 170
Austin, Texas 78731

Telephone: 512-562-7000
Facsimile: 512-562-8000

Shanna Valentine
State Bar Number: 24078079
Shanna@thevalentinelawfirm.com

The Valentine Law Firm
921 W. New Hope Dr., Ste. 104
Cedar Park, Texas 78613

Telephone: 512-300-5240
Facsimile: 888-456-5205